**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 26-cv-2689-WJM

JOSSEPH STEEVEN QUIMI-ARELLANO,

Petitioner,

v.

JUAN BALTAZAR, in his official capacity as
Warden of Denver Contract Detention Facility, *et al*.

Respondents.

---

**ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEY FEES AND COSTS**

---

Before the Court is Petitioner Josseph Steeven Quimi-Arellano's Unopposed Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("Motion"). (ECF No. 17.) Respondents Juan Baltazar, in his official capacity as Warden of the Denver Contract Detention Facility, *et al*. (collectively, "Respondents" or "the Government") did not file a response. Quimi-Arellano filed a reply. (ECF No. 18.)

For the following reasons, the Court grants the Motion.

## I. BACKGROUND

In June 2026, Quimi-Arellano filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 challenging the legality of his detention under Immigration and Nationality Act ("INA") and Fifth Amendment Due Process grounds. (ECF No. 1.) The Court granted the Petition and ordered Quimi-Arellano's immediate release from detention. (ECF No. 15 at 7.) By the same Order, the Court also granted Quimi-Arellano leave to file a motion for attorney's fees to the extent he believed he had a good faith basis to seek

them under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (*Id.* at 8.) Shortly after final judgment entered in Quimi-Arellano's favor, (ECF No. 16), he timely filed the Motion, seeking $5,866 in attorney's fees incurred litigating the Petition under the EAJA. (ECF No. 17.)

## II. ANALYSIS

### A. EAJA's Substantive Requisites

Under the EAJA, "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A); *see also Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025) (As used in the EAJA, "[t]he term 'any civil action' refers to civil actions of 'whatever kind,' " including "immigration habeas actions."). Said another way, a fee award is required under the EAJA "if (1) the petitioner is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Morales Lopez v. Baltazar*, 834 F. Supp. 3d 1193, 1201 (D. Colo. 2026).

The Government did not respond to the Motion, as noted in Quimi-Arellano's Reply. (ECF No. 18 at 2.) The Government has thus waived the substantially justified issue. *Wilburn v. Mid-South Health Dev., Inc.*, 343 F.3d 1274, 1280 (10th Cir. 2003) ("An issue is waived if it was not raised below in the district court."). In this case, no one questions that Quimi-Arellano is the prevailing party and no special circumstances make this award of fees unjust. The Government bears the burden of showing that its legal position was substantially justified. *See Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995). The Government declined to meet that burden here.

As such, the Court concludes that attorney's fees under EAJA are available to Quimi-Arellano.

**B. Fee Amount**

Having concluded that Quimi-Arellano is entitled to an award of fees under the EAJA, the Court considers the appropriate fee amount.

The EAJA permits an eligible prevailing party to recover "*reasonable* attorney fees." 28 U.S.C. § 2142(d)(2)(A) (emphasis added). "The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate," also called a lodestar calculation. *Taylor v. Colvin*, 2015 WL 2375907, at *2 (D. Colo. 2015)*; see also Scherffius v. Astrue*, 296 F. App'x 616, 619 (10th Cir. 2008). The party seeking the award bears the burden of persuading the Court that the amount is reasonable. *Taylor*, 2015 WL 2375907, at *2. But the determination of attorney's fees is ultimately discretionary, especially given the district court's close understanding of the litigation and desire to avoid frequent appellate review of factual matters. *Rocky Mountain Wild v. Vilsack*, No. 09-cv-01272-WJM, 2013 WL 3233573, at *4 (D. Colo. 2013).

As noted above, Quimi-Arellano requests that the Court award him $4,348 in attorney's fees for 16.2 hours of work his counsel expended litigating the Petition (at a rate of $268.39 per hour)[1], along with $1,518 for 5.5 hours of work his counsel expended litigating the instant EAJA Motion (at a rate of $276 per hour), for a total fee amount of

[1] Although Quimi-Arellano requests an attorney rate of $276 per hour, a review of the submitted time records detailing the time counsel spent on litigating the underlying petition reveals that all but one time entry was entered at the rate of $276 per hour, with the outstanding entered at the rate of $100 per hour, thus totaling $268.39 in total. (ECF No. 17-5 at 3.)

$5,866. (ECF No. 17 at 14–15.) As a threshold matter, attorney's fees under the EAJA ordinarily "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). But the Court need not analyze whether Quimi-Arellano is entitled to a departure from the statutory cap because the Government has waived any challenge it has as to the amount of fees sought.

For these reasons, the Court finds that both the hourly rate and the number of hours expended by his counsel in prosecuting this action are reasonable. The Court will therefore award Quimi-Arellano his attorney's fees in the full amount of $5,866.

## III. CONCLUSION

For all the reasons set forth above, the Court ORDERS as follows:

1. Petitioner's Motion for Attorney Fees Under the Equal Access to Justice Act (ECF No. 17) is GRANTED;

2. Quimi-Arellano is AWARDED attorney's fees under the EAJA in the total amount of **$5,866**; and

3. The Government is ORDERED to make such payment in full to Quimi-Arellano by no later than **December 30, 2026**.

Dated this 24th day of November, 2026.

BY THE COURT:

William J. Martínez
Senior United States District Judge